UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR. 2:12-CR-00128 WBS |
| Plaintiff, | ORDER RE: MOTION TO DISMISS |
| v. | |
| GERARDO FERNANDEZ ARREDONDO, | |
| Defendant. | |

----oo0oo----

On March 24, 2006, a criminal complaint was filed against defendant Gerardo Arredondo alleging that he violated 21 U.S.C. § 841(a)(1) on February 10, 2006. (Docket No. 1.) Defendant was not arrested until March 19, 2012, and was finally indicted on March 29, 2012.

Although 18 U.S.C. § 3282 provides that the statute of limitations on non-capital federal crimes is five years, defendant was not indicted until over six years after the alleged commission of the crime. Defendant now moves to dismiss the indictment against him for failure to file within the period of

1

limitations. (Docket No. 29.) In response to the motion, the government argues that the statute of limitations does not apply to this defendant because between the time he committed the crime and the time of his arrest he was a fugitive from justice.

After hearing and considering the testimony of the witnesses, and viewing and considering the documentary evidence presented at the evidentiary hearing on the motion, the court finds the relevant facts as follows. On February 10, 2006, the Drug Enforcement Administration ("DEA") observed defendant enter and exit his residence at 3755 O'Dell Avenue in Stockton, California. A green pickup truck associated with defendant was observed at the residence on March 19, 2006.

After securing an arrest warrant for defendant and a search warrant for his home on March 21, 2006, the DEA and the San Joaquin County Metropolitan Narcotics Task Force executed the search warrant at the residence on March 23, 2006. Defendant was not present at 3755 O'Dell Avenue at the time of the search. The green pickup was also gone. A resident at the home at the time of the search stated that defendant lived there, as did another man who had stopped by during the search to "care" for the chickens living in coops in defendant's backyard.

On March 24, 2006, a criminal complaint against defendant was filed. After several days of limited searching for defendant, on March 27, 2006, the DEA declared defendant a fugitive and turned over responsibility for locating for him to the United States Marshals Service. So far as the record before the court indicates, no further efforts were made by either the DEA or the Marshals Service until sometime in 2008.

In the meantime, on October 16, 2006, defendant was briefly detained while entering the United States from Mexico at the San Ysidro border crossing. After providing the border crossing officials with his correct name and date of birth, for some unknown reason he was allowed entry notwithstanding the outstanding warrant. Although neither the government nor defendant offered evidence as to defendant's location after that time, he had returned to the Stockton area at least by January 26, 2011. He was eventually arrested in Stockton on March 19, 2012.

Section 3290 of Title 18 of the United States Code provides that "[n]o statute of limitations shall extend to any person fleeing from justice." "[I]n order to establish that an accused was 'fleeing from justice' within the meaning of section 3290, the prosecution has the burden of proving by a preponderance of the evidence that the accused concealed himself with the intent to avoid arrest or prosecution."[1] United States v. Wazney, 529 F.2d 1287, 1289 (9th Cir. 1976); see United States v. Fowlie, 24 F.3d 1070, 1072 (9th Cir. 1994) ("In order to prove flight under § 3290, the government must show by a preponderance of the evidence that [the defendant] acted with an intent to avoid prosecution."). "[T]o meet this burden, the prosecution

---

[1] The Ninth Circuit has also stated the test in this way: "To toll the statute [of limitations], the United States must show that [the defendant] (1) 'inten[ded] to avoid arrest or prosecution' and (2) committed a 'volitional act' of concealment." Man-Seok Choe v. Torres, 525 F.3d 733, 741 (9th Cir. 2008) (third alteration in original) (quoting Wazney, 529 F.2d at 1289). "[T]he accused commits a 'volitional act' of concealment when he takes 'significant affirmative steps to avoid prosecution.'" Id. (quoting Fowlie, 24 F.3d at 1072).

3

need only prove that the defendant knew that he was wanted by the police and that he failed to submit to arrest." <u>United States v. Ballesteros-Cordova</u>, 586 F.2d 1321, 1323 (9th Cir. 1978).

        A review of the applicable case law teaches that it is easier for the government to meet this burden than one might first imagine. As we routinely instruct juries, intent must often be inferred from circumstantial evidence. <u>See</u> <u>United States v. Santos</u>, 527 F.3d 1003, 1009 (9th Cir. 2008) ("The government is not required to produce direct evidence of the defendant's intent; rather, it may provide circumstantial evidence from which the district court can draw reasonable inferences.").

        One might assume that in order to establish the defendant intended to avoid prosecution the government would have to show that he knew that an indictment or information had been filed against him. Not so. <u>See</u> <u>United States v. Ballesteros-Cordova</u>, 586 F.2d 1321, 1323 (9th Cir. 1978) ("The statute of limitations will be tolled whenever the suspect flees with the intent of avoiding prosecution, even if prosecution has not actually begun at the time of the flight."). One might at least assume that the government would have to show that an indictment or information had been filed, even if the defendant did not know of the filing. Again, not so. <u>See</u> <u>id.</u> The government does not have to prove that the defendant knew a criminal complaint had been filed against him or that a complaint had even been filed at all. <u>See</u> <u>id.</u>

        Even though the government need not establish the existence of charges against the defendant, one might assume it

4

would at least have to show that there was a warrant outstanding for his arrest.  Again, this is not so.  See United States v. Gonsalves, 675 F.2d 1050, 1053 n.5 (9th Cir. 1982) ("The government is not required to file an indictment or even to issue an arrest warrant when the accused is fleeing from justice.").  Here, although there was a warrant issued for defendant's arrest, there is no direct evidence that he had knowledge of it.  But again, the government is not required to prove such knowledge in order to establish the defendant's intent to avoid prosecution.  See id.

   Here, the evidence establishes that defendant left the United States either shortly before or shortly after the arrest warrant was issued and returned approximately seven months later.  One might assume that the government would have to present some evidence to show that it used diligence in searching for the defendant during the months and years after he returned to the jurisdiction.  But it would appear that this is also not the law.  See United States v. Florez, 447 F.3d 145, 152 (2d Cir. 2006) ("[A] finding of intentional flight under § 3290 is not necessarily foreclosed by a hindsight determination that the government might have located the defendant sooner if it had taken certain actions. 'Rather, the nature and the extent of the efforts of government agents to locate the defendant is one factor to consider in determining whether it is reasonable to infer from the agents' failure to locate the defendant that the defendant was acting with the intent to avoid arrest or prosecution.'" (quoting United States v. Greever, 134 F.3d 777, 780 n.1 (6th Cir. 1998)).

5

Finally, one might assume that the government would have to make some showing that by his conduct in concealing himself the defendant somehow prevented or made it more difficult for the government to obtain an indictment within the statutory period.  Indeed, in Gonsalves, 675 F.2d at 1052-53, the Ninth Circuit seems to assume that by hiding out from law enforcement authorities the defendant hampers or impedes the investigation.  But generally speaking, the government does not need, or even want, a defendant's presence to indict him.  One might therefore assume that the government would have to show that it would have benefitted from the defendant's presence to obtain evidence, such as fingerprints, voice identification, or participation in a lineup.  The facts here, however, suggest no such need.  But the law does not require the government to make such a showing.  None of the cases interpreting § 3290 require that the government demonstrate that the defendant's actions inhibited law enforcement's investigation in any way.

By not requiring any particular evidentiary showing to demonstrate intent to avoid prosecution, the cases make it difficult to distinguish the fleeing defendant from the defendant merely disinclined to associate with law enforcement, and thereby tend to compromise the statute of limitations' primary purpose of "'avoid[ing] perpetual jeopardy for offenses committed in the distant past.'"  Id. at 1052 (quoting from United States v. Di Santillo, 615 F.2d 128, 135 (3rd Cir. 1980)).

Nevertheless, the court finds the evidence in this case sufficient to draw a reasonable inference that defendant knew of the search, arrest warrant, or complaint, and concealed himself

for the purpose of avoiding prosecution.  Defendant did not return to his home on O'Dell Avenue, which he owned, after the search warrant was executed there.  He did not leave any kind of forwarding information, but went to Mexico, only returning to the United States after seven months had passed.  The Marshals' routine investigative techniques over several months could not locate him until December of 2010.

Further, during an identification traffic stop in March 2012 before his arrest, defendant gave an incorrect date of birth to the deputy.  At the time, he was also using cell phones that were not tied to his name and was living in a house and driving a vehicle not registered in his name.  These facts are sufficient to infer intent and for the court to find that defendant, more likely than not, left Stockton in order to avoid prosecution, and continued to conceal himself from law enforcement after his return, and that his flight therefore tolled the statute of limitations as to the alleged violation of § 841(a)(1).

IT IS THEREFORE ORDERED that defendant's motion to dismiss the indictment against him be, and the same hereby is, DENIED.

DATED: August 29, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7